**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR. No. 06-13T |
| | : | |
| ROBERT TAYLOR | : | |

GOVERNMENT'S OBJECTION TO
DEFENDANT'S MOTION TO ISSUE SUBPOENA

Now comes the United States of America by and through its attorneys and hereby objects to Defendant's Motion to Issue Subpoena for the reasons stated in the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Lee Vilker

LEE H. VILKER
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of March, 2006 a copy of the within Objection and Memorandum was sent via regular mail, postage prepaid, to the following:

Kevin J. Fitzgerald, Esq.
Assistant Federal Defender
10 Weybosset Street, 3rd Floor
Providence, RI, 02903.

Lee Vilker
______________________

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**UNITED STATES OF AMERICA** :
:
:
**v.** : **CR-06-13T**
:
:
**ROBERT TAYLOR** :

FILED
MAR 10 2006
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO ISSUE SUBPOENA FOR RECORDS**

The defendant has moved this Court for the issuance of a subpoena pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure to the Providence Police Department "for the production of all documents, files, reports, and other tangible items pertaining to disciplinary complaints and adjudications" against the officers who arrested him. Defendant admits that he is unaware of any adjudications against the officers; he claims to be aware of a single complaint.

The motion should be denied. It is well-settled that a defendant may not use a subpoena as a discovery device in a criminal case. United States v. Nixon, 418 U.S. 683, 698 (1974); Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951)("It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms.") Accordingly, a defendant must show that the subpoenaed

records are "(1) … evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by the exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" Nixon, 418 U.S. at 699.

The defendant has not met this burden. Specifically, he has not demonstrated that the records he seeks will contain information that is "relevant and evidentiary." He cites Davis v. Alaska, 415 U.S. 308 (1974), for the broad proposition that "police officers' conduct in the performance of their duties is a valid and necessary area for cross-examination at trial." Yet Davis cannot be read so broadly. There, the Supreme Court considered only the narrow issue of

> whether the Confrontation Clause requires a defendant in a criminal case be allowed to impeach the credibility of a prosecution witness by cross-examination directed at possible bias deriving from the witness' probationary status as a juvenile delinquent when such impeachment would conflict with a State's asserted interest in preserving the confidentiality of juvenile adjudications of delinquency.

415 U.S. at 309. In Davis, there was no subpoena to compel production of documents which the defendant hoped would disclose evidence it could use to impeach the credibility of certain witnesses, nor did the defendant in Davis seek to introduce unadjudicated complaints about a witness' past conduct to impeach his credibility. Instead, in Davis, the defendant sought to demonstrate the bias, prejudice or ulterior motive of a prosecution eyewitness by introducing evidence that the eyewitness was on juvenile probation at the time of the trial and at the time he witnessed the defendant commit the crime charged. 415 U.S. at 311. Davis simply has no application here.

The defendant claims that he needs the records to show "bias, prejudice or partiality" on the part of the officers. Yet he makes no claim that the single complaint he says he is aware of involved the defendant. Accordingly, that complaint is entirely irrelevant to any "bias, prejudice or partiality" on the part of the officers with respect to this defendant.[1]

---

1 The government is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). Pursuant to those obligations, the United States Department of Justice has fashioned a policy for obtaining information contained in law enforcement personnel files which must disclosed. See United States Attorney's Manual, §9-5.100. Consistent with that policy, the government has inquired whether there is any Brady/Giglio material within the personnel files of the Providence Police Department pertaining to the officers involved in this case. In the event there is any Brady/Giglio material in the files of any of these officers, the Government will, of course, disclose that material to the defense.

Finally, it should be noted that granting defendant's motion here, without any particularized showing, would open the door to each and every defendant who appears before this Court to subpoena the personnel records of each police officer involved in his or her arrest. The defendant is simply on a fishing expedition, one that is barred by Nixon. His motion should be denied.

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Lee Vilker

LEE H. VILKER
Assistant U.S. Attorney

March 10, 2006

Certificate of Service

I hereby certify that on the 10th day of March 2006, a copy of the within "Government's Memorandum of Law In Opposition to Defendant's Motion To Issue Subpoena For Records" was mailed by certified mail, postage pre-paid, to Kevin J. Fitzgerald, Esq., Assistant Federal Defender, 10 Weybosset Street, 3rd Floor, Providence, RI, 02903.