**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA

VS C.A. NO. 2006-013T

ROBERT TAYLOR

**CITY OF PROVIDENCE'S MOTION TO QUASH A SUBPOENA**

Now comes the City of Providence and hereby moves to quash the subpoena attached hereto as Exhibit "A". The City relies on its accompanying Memorandum in support thereof.

City of Providence
By it Attorney:

Kevin F. McHugh, (#3927)
Senior Assistant City Solicitor
City of Providence – Law Department
275 Westminster Street
Providence, Rhode Island 02903
(401) 421-7740 Ext. 333
(401) 351-7596 Fax

**CERTIFICATION**

I hereby certify that on this 4th day of April, I caused a true copy of the foregoing to be served on the following by ☐ mailing a copy of same, ☒ faxing a copy of same, ☐ hand-delivering a copy of same.

Kevin J. Fitzgerald,
Assistant Federal Public Defender
10 Weybosset Street
Providence, Rhode Island 02903

Lee H. Vilker,
Assistant United States Attorney
50 Kennedy Plaza 8th Floor
Providence, Rhode Island 02903

FILED APR 4 2006 DISTRICT OF RHODE ISLAND

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITED STATES OF AMERICA

VS C.A. NO. 2006-013T

ROBERT TAYLOR

**CITY OF PROVIDENCE'S MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH A SUBPOENA**

On March 29, 2006, the Providence Police Department was served with the attached Subpoena Exhibit "A." The Subpoena requests the following:

> All documents, files, reports, and other tangible items pertaining to disciplinary complaints and adjudications involving the arresting officers in this case: Thomas Zincone, jr., Dennis O'Brien, and Gregory Sion. These items are returnable to the Court on the above date and time.

The aforementioned offices are witnesses in the criminal case.

The City has consulted with Assistant United States Attorney Lee H. Vilker who has informed the City that Defendant's Counsel made an oral Motion for the Court to grant the subpoena and the court denied the Motion.

Notwithstanding that the Defendant's Counsel had the subpoena served anyway. Since Defendant's Motion was denied, the subpoena should never have been issued and the Motion to Quash should be denied. .

Moreover, the records sought are confidential personnel records under R.I. Law.

R.I.G.L. §38-2-2 states in pertinent part:

> "(4"(i)...For purposes of this chapter, the following records, **shall not be deemed public:** "(A)(I)...employee, ...,personnel...records...,and all personal...information relating to

> an individual in any files, including information relating to medical or psychological facts…, or **information in personnel files maintained to hire, evaluate, promote, or discipline any employee of a public body…"**

Consequently, APRA specifically provides that "information in personnel files maintained to **hire, evaluate, promote,** or **discipline** any employee of a public body" shall not be deemed public." Federal Courts have recognized a similar privacy where the plaintiff seeks discovery of personnel records in civil rights cases. As stated in Burke v. New York City Police Dept., **115 F.R.D. 220 (S.D.N.Y. 1987) where the plaintiff sought discovery of personnel records:**

> "…New York…(statutory) Law provides…that police **personnel** records…"… are not to be disclosed…
> "…(I)n determining the scope and substance of privileges under federal common law, the courts have suggested that, to the extent feasible, some **weight should be given to strong statutory policies of confidentiality…**
> "In this case there appears to be no irremediable conflict between state and federal policies. To the extent that …(New York statutory) Law may embody a policy of protecting the internal deliberative process of its law enforcement agencies, that policy is reflected in federal law…Moreover, **to the extent that the state provision may be construed as seeking to protect the privacy of government personnel, it finds an analogue in federal law.** (here, the Court cites various federal statutes)…
> **"These decisions demonstrate that the appropriateness of production necessarily turns upon a weighing of the competing concerns of relevance and need on the one hand and considerations of privacy, on the other…"**

Consequently, Federal Courts will recognize a personnel records privilege created by state statutes like Rhode Island's APRA. In upholding such privileges, moreover, the Federal Court "balances the competing concerns of **relevance** and need on the one hand, and considerations of privacy, on the other". Therefore, **relevance plays a large role** in the analysis. It was on this basis that Burke precluded discovery of the majority of the personnel records sought by the plaintiff, a female detective who

brought a civil rights suit claiming gender-based discrimination by her immediate supervisors. In precluding discovery by upholding the privilege with respect to all the personnel records – except those pertaining to Detective Stiastny whom plaintiff alleged was directly responsible for the harassment and discrimination in which three other officers acquiesced – Burke observed:

> "Plaintiff apparently made repeated complaints to Stiastny's superiors about his conduct and he was in fact subject to a reprimand for his treatment of plaintiff. Under these circumstances the absence of any critical evaluation of him by his supervisors during the relevant time period may be probative of whether they either acquiesced in or encouraged such behavior, although it would presumably not be dispositive... This is sufficient to justify production..."There is no equivalent justification for the production of the other performance evaluations at the present time. **Plaintiff has not suggested that any of the other individuals were involved in prior incidents suggestive of gender-based or other bias, and the evaluations reflect none... There is no equivalent justification for the production of the other performance evaluations..."**

In the case at bar, the officers' privacy rights should not be invaded to satisfy the Defendant's fishing expedition. The files involve 35 "civilian complaint" files, only one of which contains a guilty finding.

Given that, the balancing of the officers' privacy rights against the Defendant's need to know, clearly weighs in favor of the officer's privacy rights and non disclosure.

The Rhode Island Supreme Court has also limited what portions of civilian complaint files have to be turned over as public records.

In Direct Action for Rights and Equality v. Gannon, 713 A.2d 218,(R.I. 1998) the Rhode Island Supreme Court held that reports of final action of discipline of police officers under the civilian complaint process in redacted form has to be turned over in public records request for civilian complaint records as well as all reports made by the

Providence Police Department hearing officers regarding their decisions. No other documents have to be produced. The Defendant has sought everything.

Finally, Rule 17(c) (2) of the Federal Rules of Criminal Procedure provides:

> (2) Quashing or Modifying the Subpoena. On Motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

The sought after records fill a postal box and would require overtime for officers to copy. This is unreasonable given the fact the officers have privacy rights in the records and they are irrelevant to the case at bar.

**CONCLUSION**

For all of the reasons stated above, the City of Providence requests that the Motion to Quash the Subpoena be granted.

City of Providence
By it Attorney:

Kevin F. McHugh, (#3927)
Senior Assistant City Solicitor
City of Providence – Law Department
275 Westminster Street
Providence, Rhode Island 02903
(401) 421-7740 Ext. 333
(401) 351-7596 Fax

**CERTIFICATION**

I hereby certify that on this 4th day of April, I caused a true copy of the foregoing to be served on the following by ☐ mailing a copy of same, ☒ faxing a copy of same, ☐ hand-delivering a copy of same.

Kevin J. Fitzgerald,
Assistant Federal Public Defender
10 Weybosset Street
Providence, Rhode Island 02903

Lee H. Vilker,
Assistant United Stated Attorney
50 Kennedy Plaza 8th Floor
Providence, Rhode Island 02903