UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 06-013T |
| | ) | |
| ROBERT TAYLOR | ) | |

MOTION IN LIMINE

Now comes Robert Taylor, the Defendant in the above captioned matter, by and through his counsel, and moves this Honorable Court to pursuant to Rule 609 of the Federal Rules of Evidence to prohibit the government, including its agents and witnesses, from stating or referring to Mr. Taylor's offenses of conviction at trial for the purpose of attacking his credibility should he testify.[1] Attached is Mr. Taylor's memorandum in support of this motion.

Respectfully submitted
Robert Taylor
By his attorney,

Kevin J. Fitzgerald
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281

CERTIFICATION

I hereby certify that I caused a copy of this Motion to be delivered to Lee Vilker, Assistant United States Attorney, on ~~February~~ June 6th, 2006.

[1]This motion has no effect on Mr. Taylor's stipulation to having a prior felony conviction.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 06-013T |
| | ) | |
| ROBERT TAYLOR | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE

I. Introduction

The government has alleged that Mr. Taylor, a convicted felon, possessed a firearm on March 19, 2005, in the City of Providence. Mr. Taylor has stipulated to his felon status as it pertains to the elements of the indicted charge and intends to testify at trial. Mr. Taylor has a prior conviction for possession of heroin with the intent to distribute, conspiracy to do the same, and assault on a federal officer. Mr. Taylor seeks to have the Court restrict the government from naming the offenses of his conviction while allowing it to argue against his credibility based on the fact of felony conviction itself.

II. Argument

The Court should not allow the nature of Mr. Taylor's prior conviction into evidence. The Federal Rules of Evidence allow admission of evidence of prior convictions when less prejudicial than probative as to credibility, or when those convictions involve crimes of dishonesty. FED. RULES EVID. R. 609(a) (2005). *See also* FED. RULES EVID. R. 401-404, 608 (2005). In fact, a plain reading of 609(a) would seem to indicate that the only time the nature of the conviction is even relevant is when the conviction involves a crime of dishonesty. *See* FED. RULES EVID. R. 609(a). The rules do not otherwise mention the nature of the prior convictions at all. Here, Mr. Taylor agrees that the government may use his felony conviction against him per 609(a), but the nature of that conviction does not involve acts of dishonesty and should be withheld.

Despite the plain meaning of 609(a), the First Circuit has established a balancing test to measure what impact the nature of a conviction may have at trial; probative versus prejudicial. *United States v. Brito*, 427 F.3d 53, 64 (1st Cir. 2005). A trial court should weigh the prior convictions for impeachment value, remoteness, potential for prejudice, importance of the defendant's testimony, and the prominence of the credibility issue. *Id.* The Court goes on to say that dissimilar offenses tend to be less prejudicial. *Id.* Mr. Brito had a prior drug trafficking charge and was presently charged with possession of a firearm. *Id.*, at 57. That Court, however, incorrectly characterized firearm and drug trafficking offenses as being dissimilar.

Firearms and drug trafficking are constantly linked in cases before the Federal Court. The First Circuit adopted firearms as tools of the drug trade in the 1980s. *United States v. Green*, 887 F.2d 25, 27 (1st Cir. 1989). That is hardly a dissimilar analysis. The acute prejudice here stems from the public's prevailing perception that drug dealers always carry guns (some of that can be blamed on the media), and that "ex-cons" always re-offend. For example, during jury selection one prospective juror raised the issue, at sidebar, essentially stating that if Mr. Taylor had committed one felony then he was likely to commit another, *depending* on what the nature of the prior conviction. Further, the impeachment value regarding the nature of the prior conviction is low considering the centrality of Mr. Taylor's testimony and credibility in this case and his defense. The potential for prejudice by naming the offenses in this case is high, and may not be put in check merely by a cautionary instruction from the Court. Mr. Taylor should be allowed to tell his side of the story without any additional prejudice from naming his offenses of conviction.

In the alternative, assuming the Court allows the nature of the convictions to come into evidence, Mr. Taylor would request a cautionary instruction at the time of introduction and after closing arguments during the instruction phase. Mr. Taylor was satisfied with the wording of the Court's cautionary instructions as given during the previous trial. Copy attached hereto.

III. Conclusion

Rule 609(a) of the Federal Rules of Evidence governs the admission of evidence of a defendant's prior convictions to impeach his credibility. A plain reading shows the conviction itself is the main impeachment tool, not the nature of the conviction, unless it involves a crime of

dishonesty. Moreover, Mr. Taylor is charged here with possessing a firearm and his prior conviction is for drug trafficking; that combination creates far more prejudice towards Mr. Taylor than shedding light on his truth telling ability. The Court should prohibit the government from introducing the nature of Mr. Taylor's prior conviction should he testify.

Respectfully submitted
Robert Taylor
By his attorney,

Kevin J. Fitzgerald
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281

CERTIFICATION

I hereby certify that I caused a copy of this Motion to be delivered to Lee Vilker, Assistant United States Attorney, on June 16th, 2006.

THE COURT: Let me just interrupt for a moment. I need to explain something to you, ladies and gentlemen, about this evidence. Individuals are tried based on the evidence as to whether they did or did not commit the offense with which they're charged and not on the basis of what they might have done in the past.

Now, this evidence was properly before you for the purpose -- for two purposes, really. One, as I'll explain to you later, in order to prove Mr. Taylor guilty of possessing a firearm after having been convicted of a felony, the Government has to present evidence that he has previously been convicted as a felon.

The second purpose for which you may consider this evidence is to the extent that you think the fact that Mr. Taylor was previously convicted of these other offenses influences his credibility or the weight that you give to his testimony. You may consider it for that purpose, but you can't consider the fact that he was convicted previously of some other crime as evidence that, therefore, he's more likely to have committed this crime.

There are only two purposes to consider it for, one, that the Government has proven that he was previously convicted of a felony, which they have to

prove in order to convict him of this offense; and two, to the extent that you think the prior conviction may affect the degree of weight that we gave his testimony, you can consider it for that purpose but not for any other purpose.

**BY MR. VILKER**: (Continuing)

Q. Mr. Taylor, this particular Expedition was bought by Ms. Bonet?

A. Yes, it was.

Q. She purchased it at the end of the prior year, 2004?

A. No. It was like around December.

Q. Of 2004?

A. Yes. I'm sorry. 2004.

Q. Were you there with her when she purchased it?

A. No, I wasn't.

Q. I believe you testified, I'm a little confused in your answers, that you did use this particular truck on prior occasions?

A. Yes. Every now and then when she allowed me to use it.

Q. Did you have other cars that you were using as well?

A. No, I didn't have no vehicle at all.

Q. So you were using her car from time to time?