**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CR. No. 06-013T** |
| | : | |
| | : | |
| **ROBERT TAYLOR** | : | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S**
**MOTION IN LIMINE TO EXCLUDE EVIDENCE OF HIS PRIOR CONVICTIONS**

Now comes the United States, by its attorneys, and hereby objects to Defendant Robert Taylor's Motion in Limine to Exclude Evidence of Prior Convictions Under Federal Rule of Evidence 609(a), for the reasons stated in the accompanying Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

[signature]

LEE H. VILKER
Assistant U.S. Attorney

Certificate of Service

I hereby certify that on the 16th day of June, 2006, a copy of the within "Government's Memorandum of Law In Opposition to Defendant's Motion in Limine to Exclude Evidence of His Prior Convictions" was delivered by hand to:

Kevin Fitzgerald, Esq.
Assistant Federal Public Defender
10 Weybosset Street
Providence, RI 02903-2814

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | CR. No. 06-013T |
| | : | |
| | : | |
| | : | |
| ROBERT TAYLOR | : | |

**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S <u>MOTION IN LIMINE TO EXCLUDE EVIDENCE OF HIS PRIOR CONVICTIONS</u>**

In his Motion in Limine, Defendant Robert Taylor asks this Court to bar the government from cross-examining him at trial concerning his prior federal court convictions for conspiracy to distribute heroin, possession of heroin with the intent to distribute, and assault on a federal officer. Defendant contends that the prejudicial effect of these prior convictions outweighs their probative value. Defendant fails to recognize that when, as here, the credibility of the defendant is central to the issues at trial, such prior felony convictions may be and should be admitted pursuant to Federal Rule of Evidence 609.

**<u>Argument</u>**

Federal Rule of Evidence 609 sets forth the circumstances under which the government may use a defendant's prior convictions to impeach his testimony. Rule 609(a)(2) provides that if the prior conviction was for a crime "involv[ing]

dishonesty or false statement", evidence of said crime "shall be admitted." See United States v. Kiendra, 663 F.2d 349, 353-54 (1st Cir. 1981). Pursuant to Rule 609(a)(1), evidence of all other convictions are subject to a balancing test. The Court must determine whether, in its discretion, the probative value of admitting the evidence of the prior conviction "outweighs its prejudicial effect to the accused." Rule 609(a)(1). See Kiendra, 663 F.2d at 353-54.

In United States v. Brito, 427 F.3d 53 (1st Cir. 2005), the defendant had been charged with possession of a firearm following a felony conviction. The Court of Appeals affirmed the district court's ruling permitting the government to inquire on cross-examination into the defendant's prior drug trafficking conviction. Id. at 64-65. In so ruling, the Court listed five factors to be considered when weighing whether a particular felony conviction should be admitted under Rule 609. Those factors are: "(i) the impeachment value of the particular convictions, (ii) their immediacy or remoteness (even though they are within the ten-year window), (iii) the degree of potential prejudice that they portend, (iv) the importance of defendant's testimony, and (v) the salience of the credibility issue in the circumstances of the particular case." Id. at 64.

Application of these factors to the present case - in which defendant's credibility is critical - strongly favors admission of defendant's prior convictions.

The First Circuit has made plain that when a defendant pits his credibility against that of the government's witnesses, the probative value of defendant's prior convictions increases, and thus the government may test his credibility with those convictions. United States v. Brown, 603 F.2d 1022, 1028-29 (1st Cir. 1979)("when the defendant's alibi is that another culprit committed the crime and the alternative culprit's credibility is severely attacked when he takes the stand and denies his involvement, the probative value (i.e., the importance) of prior conviction evidence relating to the defendant necessarily increases"), United States v. Oakes, 565 F.2d 170, 173 (1st Cir. 1977)(evidence of defendant's prior conviction for manslaughter admitted in prosecution for possession of unregistered submachine gun, given "'sharp irreconcilable conflict' between the testimony of the Government's witnesses and that of the defendant, so that credibility was crucial to the case"). Accordingly, the First Circuit has upheld the government's use of a wide variety of prior convictions to impeach a testifying defendant. United States v. Joost, 133 F.3d 125, 129-30 (1st Cir. 1998), cert. denied, 523 U.S. 1087 (1998) (in prosecution of "felon in possession" under 18 U.S.C. § 922(g), government permitted to

impeach testifying defendant with prior convictions for conspiracy against the civil rights of another in violation of 18 U.S.C. § 241 and for conspiracy to rob an armored truck in violation of the Hobbes Act, 18 U.S.C. § 1951); United States v. Rogers, 41 F.3d 25, 31-33 (1st Cir. 1994), cert. denied, 515 U.S. 1126 (1995)(government allowed to cross-examine defendant charged as "felon in possession" with prior convictions for burglary); United States v. George, 752 F.2d 749, 756 (1st Cir. 1985) (Pursuant to Rule 609(a)(1)), government permitted to cross-examine defendant charged with conspiring to possess with intent to distribute and manufacture amphetamine with prior conviction for manufacture and distribution of amphetamine and methamphetamine); Oakes, 565 F.2d at 573 (in prosecution for possession of submachine gun, government allowed to cross-examine defendant with prior manslaughter conviction); United States v. Russo, 540 F.2d 1152, 1156 (1st Cir. 1976), cert. denied, 429 U.S. 1000 (1976)(District Court properly allowed government to impeach defendant charged with selling, transferring and delivering counterfeit treasury bills with prior manslaughter and arson convictions; defendant's "credibility was a significant issue in the trial"). Indeed, even in a case decided under the more stringent standard of Rule 609(b), under which the probative value of a conviction more than ten years old must *substantially* outweigh its prejudicial effect, the First Circuit has approved

the use of a prior conviction to impeach a defendant's credibility. Brown, 603 F.2d at 1028 (in prosecution for theft of goods traveling in interstate commerce from air freight terminal, government allowed to cross-examine defendant with four prior convictions for burglary and one prior conviction for petit larceny).

At bottom, the government's witnesses will testify that the defendant possessed a firearm on March 19, 2005. Based on defendant's prior testimony, it is apparent that defendant will testify that the police officers' testimony is fabricated and that he did not possess the firearm in question as the police claim. Under these circumstances, the jury, which must make the ultimate credibility determination, is entitled to know about the defendant's prior convictions. Their probative value concerning defendant's credibility, now a central issue in this case, far outweighs their prejudicial effect. The government should be allowed to confront defendant with them.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Lee Vilker

LEE H. VILKER
Assistant U.S. Attorney

Certificate of Service

I hereby certify that on the 16th day of June, 2006, a copy of the within "Government's Memorandum of Law In Opposition to Defendant's Motion in Limine to Exclude Evidence of His Prior Convictions" was delivered by hand to the following:

Kevin Fitzgerald, Esq.
Assistant Federal Public Defender
10 Weybosset Street
Providence, RI 02903-2814

Lee Vilker