UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 06-013T |
| | ) | |
| ROBERT TAYLOR | ) | |

---

DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT

Now comes Robert Taylor, the Defendant in the above captioned matter, by and through his counsel, and makes the following objections to the Presentence Report ("PSR"). Mr. Taylor makes these objections with the knowledge and understanding that the suggested guideline range is based on the advisory Federal Sentencing Guidelines and not subject to mandatory imposition by the Court.

I. ¶ 9, Prosecution Version

Mr. Taylor objects to the prosecution version of events. First, the Court heard the full testimony in this case twice during both trials in June, 2006. The Court can make its own determination of what the facts are in this case, and should refer back to the trial transcripts to refresh its memory rather than accepting the government's adaptation. Also, in the last paragraph, the government asserts that Mr. Taylor gave intentionally false testimony, alleging that he perjured himself at trial. Perjury is willful testimony of something that the witness does not believe to be true. 18 U.S.C. § 1621 (2005). Perjury is not failing to convince the jury of your side of the story. The government concedes that Mr. Taylor's testimony was in "direct contradiction" with that of the police officers. That is not perjury. Ultimately, the Court must determine if it believes Mr. Taylor committed perjury. The government's argument that Mr. Taylor committed perjury should be removed from the PSR.

II. ¶¶ 14 & 21, Obstruction of Justice

Mr. Taylor objects to the imposition of this enhancement. Mr. Taylor disputes the government's assertion that he committed perjury. Additionally, he takes exception to probation adding this enhancement simply because "the government is prepared to prove that [Mr. Taylor's] testimony at trial was materially and intentionally false as delineated in the Prosecution Version." PSR ¶ 14. The government's allegation cannot warrant the enhancement, only the Court's decision that Mr. Taylor committed perjury can impose the enhancement. Just as the government believes the facts presented infer Mr. Taylor lied, the defense is prepared to point out the inaccuracies and inconsistencies of the police officers's testimony. Clearly, members of the first jury panel believed Mr. Taylor's testimony. After consideration of all the trial testimony, the Court will find ample facts supporting Mr. Taylor's testimony, which therefore dismisses any perjury allegations.

III. ¶ 15, Defendant's Statement

Mr. Taylor objects to the comment that he chose not to make a verbal or written statement regarding his participation in the charged offense. That is simply not accurate. Mr. Taylor testified twice in this matter before the Court detailing his lack of participation in the offense. While it is true that he did not make a statement accepting responsibility for the offense, he has stated to the Court the extent of his involvement. This section should be changed to merely indicate that he did not accept responsibility and therefore is not eligible for that adjustment under the guidelines.

IV. ¶ 36, Criminal History Computation

Mr. Taylor objects to the addition of 2 criminal history points in this calculation for his criminal history category based on the fact that he was on supervised release at the time of this offense. The Court is not bound to accept the criminal history calculation in the PSR. *See United States v. Booker*, 543 U.S. 220, 258-61 (2005). In ¶ 32, the PSR indicates that Mr. Taylor was weeks away from completing his three year term of supervised release on case #00-10423-02MLW (Massachusetts Federal District Court) when this incident occurred on March 19, 2005. His probation officer informed Mr. Taylor his supervised release would be violated and he reported to the court in Massachusetts on April 13, 2005, to face that violation. Judge Wolfe held Mr. Taylor

in custody pending the resolution of the violation. Judge Wolfe found Mr. Taylor in violation of his supervised release after a hearing on September 18, 2005, and sentenced him to serve 9 months in prison. The government filed a complaint and this indictment, subsequently, and this Court presided over the two trials in June, 2006.

Mr. Taylor objects to the effective double counting of his supervised release status and violation. The addition of 2 points moves Mr. Taylor from a criminal history category III to a IV, raising the advisory range from 51-63 months to 63-78 months of incarceration. That advisory range does not take into account the 9 months Mr. Taylor has already served for his violation. Essentially, the inclusion of the points and the exclusion of his violation sentence makes his actual range 72 to 87 months. Mr. Taylor asks the Court to remedy this circumstance by not including the additional 2 criminal history points in this calculation and finding his criminal history at category III.

V. Conclusion

For all of these reasons, Mr. Taylor asks the Court to change the PSR.

Respectfully submitted
Robert Taylor
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Lee Vilker, Assistant United States Attorney, and hand-delivered to Maureen Bradley, USPO on October 26, 2006.

/s/ Kevin J. Fitzgerald