**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR No. 06-13T** |
| | : | |
| **ROBERT TAYLOR** | : | |

**GOVERNMENT'S MOTION FOR A TWO LEVEL ENHANCEMENT FOR OBSTRUCTION OF JUSTICE**

The United States of America, by and through its undersigned attorneys, respectfully moves that a two-level enhancement for obstruction of justice be applied to defendant's sentence. In support of this Motion, the government submits the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Lee H. Vilker

LEE H. VILKER
Assistant U.S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
lee.vilker@usdoj.gov

Dated: October 27, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of October, 2006, a copy of the within Government's Motion was served electronically on the following:

Kevin Fitzgerald, Esquire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903

Maureen Bradley
United States Probation Officer
2 Exchange Terrace, 3rd Floor
Providence, RI 02903

/s/ Lee H. Vilker

LEE H. VILKER
Assistant U.S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
lee.vilker@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR No. 06-13T** |
| | : | |
| **ROBERT TAYLOR** | : | |

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A 2-LEVEL ENHANCEMENT FOR OBSTRUCTION OF JUSTICE**

The United States of America, by and through its undersigned attorneys, respectfully submits this Memorandum of Law in Support of its Motion for a 2-Level Enhancement for Obstruction of Justice. As detailed below, this enhancement is warranted because defendant committed perjury when he testified during both of his trials.

## I. Travel of the Case

On February 7, 2006, defendant Robert Taylor ("Taylor") was arraigned on a one count Indictment charging him with being a "felon in possession," that is, with knowingly and intentionally possessing a firearm in and affecting commerce, having been previously convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1).

On May 30, 2006, trial of this matter commenced. The United States presented the testimony of three Providence Police officers: Thomas Zinconce, Dennis O'Brien and Gregory Sion. These officers testified that at approximately 2:45 p.m. on March

19, 2005, they were operating an unmarked police vehicle on Fairfield Avenue in Providence. The officers approached 60 Fairfield Avenue and saw several individuals standing in the lot and left their vehicle to investigate.

After the officers left their unmarked police vehicle, they saw an individual, known to the officers as Taylor, sitting in the driver's seat of a black Ford Expedition that was parked along side of 60 Fairfield Avenue. The officers recognized Taylor from prior interactions with him. Officer Zincone testified that he observed Taylor moving nervously in his seat as Taylor appeared to be concealing an item with his right hand. Officer Zincone testified that he approached the driver's side seat of the Expedition and began to speak with Taylor, where he observed Taylor moving his right hand in an apparent attempt to conceal an item between his seat and the center console.

Due to the suspicious manner in which Taylor was behaving, Officer Zincone asked Taylor to step out of his vehicle. As Taylor stepped out of the vehicle, Officer Zincone testified that he saw the black handle of a firearm under a towel between the driver's side seat and the center console. At this point, all three officers testified that Taylor attempted to flee on foot. After no more than a few steps, Taylor was tackled to the ground, where he stated: "That ain't my gun." The firearm seized between the driver's side seat and the center console was a Lorcin .380

caliber handgun. Defendant testified during the first trial on May 30, 2006. (A transcript of defendant's May 30 testimony is attached as Exhibit A.) After the jury was unable to return a unanimous verdict, the Court declared a mistrial on June 1, 2006.

The second trial of this matter commenced on June 19, 2006. During this trial, the three Providence police officers again testified as to the aforementioned events. Defendant Taylor testified on June 19, 2006, not only contradicting the testimony of the officers on the essential details of the case, but also contradicting much of his own testimony from the first trial. (A transcript of defendant's June 19 testimony on cross-examination is attached as Exhibit B.) The second jury returned a verdict of guilty on June 20, 2006.

## II. **An Enhancement for Obstruction of Justice is Warranted**

Based on defendant's commission of perjury, the Probation Department has recommended that defendant's sentence be enhanced for obstruction of justice. (PSR ¶ 14.) The United States agrees that an enhancement for obstruction of justice is warranted.

Taylor testified both during the initial trial which resulted in a hung jury and on retrial. In his testimony, Taylor made numerous material misrepresentations concerning the essential facts of this case. Taylor's abuse of his oath of truthfulness compounded his criminal liability and should result in an upward adjustment for obstruction of justice.

Section 3C1.1 of the Guidelines states:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

Among the examples of conduct that may qualify under an obstruction of justice enhancement is:

> (b) committing, suborning, or attempting to suborn perjury; . . . ,

U.S.S.G. § 3C1.1, comment (n.4).

A determination of whether defendant provided material false testimony is an "inescapably factbound" inquiry for the Court. United States v. Cash, 266 F.3d 42, 44 (1st Cir.2001); United States v. David, 940 F.2d 722, 739 (1st Cir.1991); see also United States v. Villarman-Oviedo, 325 F.3d 1, 16 (1st Cir. 2003); United States v. Rowe, 202 F.3d 37, 43 (1st Cir. 2000). The inquiry, however, may be guided by the commentary to the guidelines which clearly states that:

> This provision is not intended to punish a defendant for the exercise of a constitutional right. A defendant's denial of guilt (other than a denial of guilt under oath that constitutes perjury), refusal to admit guilt or provide information to a probation officer, or refusal to enter a plea of guilty is not a basis for application of this provision. In applying this provision in respect to alleged false testimony or statements by the defendant, the court should be cognizant that inaccurate testimony or statements sometimes may result from confusion, mistake, or faulty memory and, thus, not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice.

U.S.S.G. § 3C1.1, comment (n. 2).

In addition, the First Circuit has advised that:

> Before imposing an obstruction of justice enhancement predicated on perjurious testimony, a sentencing court must survey the trial evidence to ascertain whether it establishes that the defendant gave 'false testimony concerning a material matter with the willful intent to provide false testimony rather than as a result of confusion, mistake, or faulty memory.' United States v. Dunnigan, 507 U.S. 87, 94, 113 S.Ct. 1111, 1116, 122 L.Ed.2d 445 (1993). The court's findings need not be precise to the point of

> pedantry. While separate findings as to each element are preferable, the sentencing court's determination is sustainable so long as it "encompasses all of the factual predicates." Id. at 95, 113 S.Ct. at 1117.

United States v. McKeeve, 131 F.3d 1, 15 (1st Cir. 1997)(Holding that the overwhelming weight of the credible evidence contradicted the appellant's professions of ignorance.)

During his testimony at both trials, Taylor gave material, false testimony concerning the essential facts of this case. His false testimony, for analytical purposes, can be divided into three distinct categories: (1) testimony of the defendant that directly contradicted the testimony of the three officers, (2) testimony of the defendant that directly contradicted his own previous testimony and (3) testimony of the defendant that was impossible on its face. The United States will consider each of these three categories of perjury independently.

Taylor's testimony during both trials was in direct contradiction to the testimony provided by the officers on nearly every essential detail of this case. For example, on the critical issue of whether there was even a gun next to the driver's side seat as the officers had testified, Taylor testified as follows:

> Q: If there was a gun next to where you were seated, you surely would have been able to see it?
>
> A: I would have noticed it.

> Q: So there was no gun next to the driver's side seat that you were sitting next to?
>
> A: No. There was not.

(Tr. 6/19/06 at 2).

On the critical issue of whether he attempted to flee (as all three officers testified), Taylor denied attempting to flee and instead testified that he was thrown to the ground for no apparent reason:

> Q: And your story, again, is that you never tried to run?
>
> A: I did not, sir.
>
> Q: And your story is that even though you never tried to run, Officer Zincone just grabbed you from behind your neck for no reason and threw you to the ground?
>
> A: He grabbed me in the front, facing him. He grabbed my neck like this, turned me around, took his leg and swooped me to the floor.
>
> Q: You didn't try to run?
>
> A: I did not, sir.
>
> Q: He grabbed you by your neck?
>
> A: By my neck.
>
> Q: Even though you were perfectly in compliance?
>
> A: I was in compliance with him, sir.

(Tr. 6/19/06 at 3).

On these and other essential details, Taylor offered testimony that was in sharp, direct contrast to that of the police officers. Taylor's testimony cannot possibly be described as the result of confusion, mistake or faulty memory. Rather, this and other testimony was offered by the defendant in a deliberate attempt to mislead the jury concerning the material facts of this case.

While it is not uncommon for defendants to offer testimony that differs from that offered by law enforcement witnesses, this defendant's testimony was unique in that he directly contradicted himself on several key points. During the first trial, defendant testified that he had "no clue" if the gun belonged to his girlfriend, Diana Bonet. (Tr. 5/30/06 at 14). Indeed, Taylor testified during the first trial that he did ask Ms. Bonet if the gun belonged to her but that he still did not know whether it was, in fact, her gun:

Q: Did you ever ask your girlfriend if that was her gun?

(Objection overruled)

A: Yes, I did ask her.

Q: You don't know if it was her gun or somebody else's?

A: Yes. I do not know.

(Tr. 5/30/06 at 19-20).

During the second trial, Taylor initially testified in a similar manner by stating: "I'm not sure if she's the one who put

it there or not, but I'm not saying she did. I don't know who put it there, sir." (Tr. 6/19/06 at 12) A few moments later, Taylor changed his testimony dramatically:

> Q: But you have no idea whether that gun was put in the car by Ms. Bonet?
>
> A: No. It wasn't put in there by her.
>
> Q: So now you know it wasn't put in there by her?
>
> A: Yes.
>
> Q: Because you talked to her about it?
>
> A: Yes.

(Tr. 6/19/06 at 12.) By previously testifying in both trials that he had "no clue" whether the gun belonged to Ms. Bonet, defendant provided materially false testimony concerning a critical fact.

Finally, and perhaps most strikingly, is the manner in which defendant's testimony can be proven to be untrue simply because it would be physically impossible for it to be true. On the critical issue of what defendant was doing with his right hand, the defendant testified that he was not covering up the firearm with a towel (as the officers testified), but rather was touching the CD controller as he was listening to music. Defendant testified as follows:

> Q: So your right hand, you weren't touching anything with your right hand?
>
> A: The only thing I was touching was the CD controller. That was it.

> Q: So you were reaching down to the front of the car touching the CD?
>
> A: The CD controller is on the seat and I'm turning it to change the tracks on the CD.
>
> * * *
>
> Q: What CD were you listening to when Officer Zincone got to the car?
>
> A: John Legend.

(Tr. 6/19/06 at 18-19). On the critical issue of whether the defendant was attempting to conceal a firearm with his right hand, defendant testified that he was merely changing the tracks on the car's CD player as he was listening to music. This testimony was blatantly false and demonstrably impossible. This is so because the defendant also testified that the car's CD player worked only by turning on the ignition. (Tr. 6/19/05 at 8). He further testified that he did not have a set of keys to the car and would have to borrow Ms. Bonet's set of keys whenever he wanted to use the car. (Tr. 6/19/05 at 7-8). Finally, defendant testified that Ms. Bonet had taken her set of keys with her when she left the car moments before in search of gas. (Tr. 6/19/05 at 15). If, as defendant testified, Ms. Bonet took with her the set of keys to the car, defendant could not possibly have been listening to a CD and changing tracks on the CD player as he falsely testified.

This case is therefore distinguishable from other instances in which the United States seeks an enhancement for obstruction of justice due to perjury. For in this case the testimony of the defendant not only contradicted the testimony of other witnesses, it was self-contradictory and impossible on its face.

For these reasons, the United States respectfully requests that the Court apply a 2-level enhancement to defendant's sentence for obstruction of justice under Section 3C1.1 of the Guidelines.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

ROBERT CLARK CORRENTE
United States Attorney

/s/ Lee H. Vilker

LEE H. VILKER
Assistant U.S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
lee.vilker@usdoj.gov

Dated: October 27, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of October, 2006, a copy of the within Government's Memorandum of Law was served electronically on the following:

Kevin Fitzgerald, Esquire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903

Maureen Bradley
United States Probation Officer
2 Exchange Terrace, 3rd Floor
Providence, RI 02903.

/s/ Lee H. Vilker

LEE H. VILKER
Assistant U.S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
lee.vilker@usdoj.gov