**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR No. 06-13T** |
| | : | |
| **ROBERT TAYLOR** | : | |

**GOVERNMENT'S MOTION TO QUASH SUBPOENA**

The United States of America, by and through its undersigned attorneys, respectfully moves pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure to quash a subpoena that defendant has issued to the Providence Police Department. In support of this Motion, the government submits the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Lee H. Vilker

LEE H. VILKER
Assistant U.S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
lee.vilker@usdoj.gov

Dated: October 30, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October, 2006, a copy of the within Government's Motion was served electronically on the following:

Kevin Fitzgerald, Esquire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903

/s/ Lee H. Vilker

LEE H. VILKER
Assistant U.S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
lee.vilker@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CR-06-13T** |
| | : | |
| | : | |
| **ROBERT TAYLOR** | : | |

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA**

Prior to commencement of trial in this matter, defendant moved this Court for the issuance of a subpoena pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure to the Providence Police Department "for the production of all documents, files, reports, and other tangible items pertaining to disciplinary complaints and adjudications" against the officers who arrested him. After a pre-trial hearing on this matter, the Court denied defendant's motion. The Court ruled that the limited probative value of the sole disciplinary action against one of the officers would be substantially outweighed by the dangers of confusion and unfair prejudice.

Now, incredibly, on the eve of sentencing and without having even requested the Court's permission pursuant to Rule 17, defendant has again subpoeaned the Providence Police Department for any disciplinary records concerning the arresting officers.

(A copy of the latest subpoena is attached hereto as Exhibit A.) This subpoena should be quashed.

Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the United States is, of course, obligated to disclose certain impeachment material concerning a government witness prior to the testimony of that witness. That doctrine has no applicability in the present posture, where the trial has already been completed and the government does not intend on calling any witnesses at the sentencing hearing. As defendant's motion to subpoena the Providence Police Department for disciplinary records was denied prior to the testimony of the officers in question, there can be no justification for the issuance of the same subpoena prior to sentencing.

Based on the undersigned's discussion with defense counsel, it is believed that defendant wishes to obtain these records in an effort to convince the Court that defendant did not commit perjury under U.S.S.G. § 3C1.1. This effort is misguided. The Court has already been advised of the nature of the sole disciplinary action against one of the officers in the context of his long career with the Providence Police Department. Having heard first-hand the testimony of the defendant and the police officers, the Court is in the best possible position to determine whether defendant obstructed justice by committing perjury.

In conclusion, this Court has already ruled that defendant cannot subpoena the Providence Police Department for disciplinary records concerning the arresting officers. Despite this ruling and the fact that the United States does not intend to call any witnesses as sentencing, defendant has again subpoenaed the same records. This subpoena should be quashed.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Lee H. Vilker

LEE H. VILKER
Assistant U.S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
lee.vilker@usdoj.gov

October 30, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October, 2006, a copy of the within "Government's Memorandum of Law In Support of Motion to Quash Subpoena" was served electronically on the following:

Kevin Fitzgerald, Esquire
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903.

/s/ Lee H. Vilker

LEE H. VILKER
Assistant U.S. Attorney
U. S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tele: (401) 709-5000
Fax: (401) 709-5001
lee.vilker@usdoj.gov