UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 06-013T |
| | ) | |
| ROBERT TAYLOR | ) | |

---

RESPONSE TO GOVERNMENT'S MOTION TO QUASH

Now comes Robert Taylor, the Defendant in the above captioned matter, by and through his counsel, and makes the following response to the government's motion to quash his subpoena of the Providence Police Department.

I. Standing

The Court should not entertain the government's motion to quash because the party of interest is the City of Providence, not the United States. Prior to trial, the City of Providence correctly came before the Court to challenge that subpoena and Kevin McHugh entered his appearance on behalf of the city for that purpose. *See* attached Docket Entries 22 & 23. Mr. McHugh remains the city's representative in this matter and clearly understands how to move to quash the subpoena. The government is not the adverse party and therefore lacks standing to move to quash the subpoena.

The government has the right to argue that this information is somehow irrelevant at sentencing. The defense understands that the government has already been provided with the requested documents for inspection and its determination of their relevance. The defense is not willing to rely on the government to act as the gatekeeper of information at sentencing. The Court must make all of the decisions at sentencing and therefore should have a complete record before it to assist in that process. Lack of a complete record may raise due process concerns.

II. Issuance of the Subpoena

Defense counsel issued this subpoena at the instruction of the court clerk. Upon attempt to file the motion for permission to issue the subpoena under Rule 17(c), the clerk's office instructed the defense to directly issue the subpoena. The defense followed the instructions and issued the subpoena with a return date prior to the sentencing hearing in order to resolve this issue with enough time to digest the contents of any records produced.

III. Relevance

The Court has broad discretion to consider different types of information at sentencing. For example, the Court can consider uncharged conduct and relevant conduct (*see, e.g., United States v. Watts*, 519 U.S. 148 (1997)), hearsay rules do not necessarily apply, confrontation rules do not necessarily apply (*see United States v. Luciano*, 414 F.3d 174 (D.R.I. 2005)), and the Court has no limitation on information concerning the defendant (18 U.S.C. § 3661 (2005)). In that context it is clear that information which may have been excluded from or inappropriate at trial can be completely acceptable at sentencing. The requested documents relate directly to Mr. Taylor's case because the government has alleged perjury.

The government has moved the Court to enhance Mr. Taylor's sentence because it feels he perjured himself while testifying in his own defense at his two trials. Its foremost argument for perjury is that Mr. Taylor willfully presented false testimony on material facts of the case by contradicting the police officers' testimony as to the elements of the offense. Officer Thomas Zincone has been previously found to be incredible by a hearing officer under the exact same circumstances: In his defense he directly contradicted his accusers and was not believed by the trier of fact. *See* attached reports. No serious argument can be made that this information about Mr. Taylor's accusers is irrelevant when this Court must now make the same decision about his testimony. Likewise, the other documents requested may also assist the Court in determining the credibility of the officers and, indirectly, Mr. Taylor.

## IV. Conclusion

For all of these reasons the Court must decline the government's motion.

Respectfully submitted
Robert Taylor
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

## CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Lee Vilker, Assistant United States Attorney on November 2, 2006.

/s/ Kevin J. Fitzgerald