UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
VS. ) CR06-0013T
)
ROBERT TAYLOR )

---

MOTION FOR SENTENCE CONSIDERATION

Now comes Robert Taylor, the Defendant in the above captioned matter, and moves this Honorable Court, pursuant to Local Rule of Criminal Procedure 32 (2006), to consider and impose a sentence that is sufficient, but not greater than necessary, in compliance with18 U.S.C. § 3553(a). After considering all the appropriate information present in this case, the Court should conclude that the advisory guidelines call for a sentence longer than what is sufficient to comply with 18 U.S.C. § 3553(a). Mr. Taylor proposes a split sentence of 24 months incarceration followed by three years of supervised release with the first 12 months under the conditions of community confinement, which will be sufficient in this case to satisfy the purposes of sentencing.

Respectfully Submitted
Robert Taylor,
By and through his counsel

/s/ Kevin J. Fitzgerald
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Lee Vilker, Assistant United States Attorney, and hand-delivered to Maureen Bradley, United States Probation Officer, on November 2, 2006.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-0013T |
| | ) | |
| ROBERT TAYLOR | ) | |

---

MEMORANDUM IN SUPPORT OF SENTENCING

I. Introduction

Mr. Taylor respectfully submits this memorandum to assist the Court in determining a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing. 18 U.S.C. § 3553(a) (2005). Additionally, Mr. Taylor submits this memorandum in support of his Motion for Sentencing Consideration advocating a sentence outside of the suggested guideline range. The Court is required to sentence a defendant below the advisory guideline range if such a sentence is sufficient to achieve the purposes of sentencing. *Id.* Mr. Taylor requests the Court to consider imposing a split sentence of 24 months incarceration followed by three years of supervised release with the first 12 months under the conditions of community confinement. The proposed sentence adequately addresses society's needs of punishment and deterrence, as well as Mr. Taylor's needs for rehabilitation, without being longer than necessary.

II. Procedural Background

Providence Police arrested Mr. Taylor on March 19, 2005. The State of Rhode Island released him on bail and he reported to the Federal court in Boston on April 6, 2005, in order to address his supervised release violation based on these charges. Judge Wolfe held Mr. Taylor in custody and found him to be in violation of his release in September, 2005. In January, 2006, the United States Attorney for the District of Rhode Island brought Mr. Taylor back to Rhode Island and formally charged him on this indictment. Mr. Taylor posted bail and remained on home confinement

from March 1, 2006, until June 20, 2006. The Court heard and denied Mr. Taylor's motion to suppress evidence on April 5, 2006. The first trial commenced on May 30, 2006. After deliberation the jury was unable to agree on a unanimous verdict and a mistrial was declared. The second trial ran from June 19 to 20, 2006, and after deliberation the jury found Mr. Taylor guilty of possessing a firearm after a felony conviction. Sentencing is scheduled for November 9, 2006.

## III. Sentencing Considerations

### A. General

The Court is bound in its sentencing considerations by 18 U.S.C. § 3553(a). The United States Sentencing Guidelines are not the law and the Court is not bound by its suggested sentences. *United States v. Booker*, 543 U.S. 220, 259 (2005). The statute requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentence available, the need to avoid unwarranted sentencing disparity, the need to provide restitution, and the suggested guideline range. 18 U.S.C. § 3553(a)(1), (a)(3)-(7). The primary sentencing mandate of § 3553(a) directs the sentencing court to impose the minimally-sufficient sentence to achieve the statutory purposes of punishment—justice, deterrence, incapacitation, and rehabilitation: "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a) (emphasis added).[1] This so-called "parsimony provision" is not simply a factor to be considered in determining sentence; it represents a cap above which the Court is statutorily prohibited from sentencing, even when a greater sentence is recommended by the sentencing guidelines. *Cf., United States v. Denardi*, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J., concurring in part, dissenting in part).

---

[1] The statute provides, in pertinent part, that

"the court consider the need for the sentence imposed-

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

18 U.S.C. § 3553(a)(2) (2005).

The statutory language notwithstanding, the First Circuit has proclaimed that the advisory guideline range is not just a mere factor in the list above. *United States v. Jimenez-Beltre*, 440 F.3d 514, 518 (1st Cir. 2006); *see also United States v. Thurston*, 2006 U.S. App. LEXIS 18683, *12 (1st Cir., July 26, 2006), *United States v. Smith*, 445 F.3d 1, 4(1st Cir. 2006). The Circuit Court believes the guidelines should carry more weight than the other considerations because they "represent the only integration of the multiple sentencing factors set forth in § 3553(a), often reflect past practice, and bear the imprimatur of the Sentencing Commission." *Thurston*, 2006 U.S. App. LEXIS 18683, *12 (quoting *Smith* 445 F.3d at 4). Beyond the declaration of heightened importance, the guidelines are not presumptively or per se reasonable, and still reflect generalizations in sentencing. *Jimenez-Beltre*, 440 F.3d at 518. The Court made that distinction to avoid the appearance of reestablishing a mandatory sentencing scheme. *Id*. (as struck down in *Booker*). Unfortunately, the heightened influence of the guidelines, as well as the sliding scale of justification for sentences outside of the guidelines,[2] continues to embrace and support a de facto mandatory sentencing scheme.

This Court must guard against any de facto mandatory sentencing scheme. *Booker*, 543 U.S. at 258-61 (mandatory sentencing schemes unconstitutional). While the guidelines incorporate a number of sentencing factors, they do not include any analysis, evaluation, or consideration of an individual's unique characteristics. *See Jimenez-Beltre*, 440 F.3d at 518 (the guidelines are generalizations). This makes some logical sense because an individual's background, character, and upbringing cannot be quantified in any fair or meaningful manner for a guideline system. Nevertheless, that individual information must still be considered by the Court. 18 U.S.C. § 3553(a). In short, the guidelines represent cookie cutter justice at its worst; one size does not fit all. The Court must eschew general application of the advisory guidelines and consider all of the unique characteristics of the defendant when determining this sentence. The sentencing judge is in the best position to evaluate individual defendants under § 3553(a) and determine the appropriate sentence.[3]

---

[2]The First Circuit now requires greater justification for sentences outside of the advisory guideline range depending on how much the sentence varies from the guideline. *Thurston*, 2006 U.S. App. LEXIS 18683, *12 (citing *Smith*, 445 F.3d at 4).

[3]Comparing other § 3553(a) factors to advisory guidelines actually resembles the comparison of apples to oranges because only the guidelines directly coincide with a time period;

Mr. Taylor presents ample circumstance to warrant the Court's consideration of a sentence below the advisory guideline range.

B. Personal Background

Mr. Taylor grew up in the Bronx, NY, raised by his mother, Harriet Taylor. His mother raised him on her own and he attended school and participated in other activities with some success. His father, Robert Brown, was not a significant part of his upbringing. Mr. Brown was a long time drug user who was rarely clean long enough to spend meaningful time with Mr. Taylor. Mr. Brown died of an illness in 2004. Albert Taylor, Mr. Taylor's grandfather, was the most prominent male figure in his life. Mr. Taylor spent a significant amount of time with his grandfather in Providence during summers and school breaks. In 1997 Mr. Taylor moved into his grandfather's home in Providence and started working with him. Mr. Taylor also has two children; both here in Providence.

Mr. Taylor has a strong employment record dating back to 1997 when he first started working for his grandfather. Mr. Taylor worked at Taylor & Sons Moving and Storage off and on from 1997 until June, 2006. He also worked a variety of seasonal and temporary jobs during that time. From March to June, 2006, Mr. Taylor worked at the moving company while on pretrial community confinement. Albert Taylor has pledged to employ and house Mr. Taylor after his prison term, and is willing to support Mr. Taylor as part of a community confinement sentence. Mr. Taylor's consistent employment bolsters his request for a sentence below the advisory guideline range. Albert Taylor

C. Criminal History

Mr. Taylor does not have a significant criminal history and the advisory guideline assessment of his convictions overstates the seriousness of his record. Mr. Taylor's only prior felony conviction involved his part in a scheme to sell fake heroin. The other convictions on his record are for misdemeanor driving offenses and clearly not serious. With these convictions, and his supervised release status at the time of this incident, the guidelines placed Mr. Taylor in the moderately high

the sentencing court must then look to the other factors to determine if that suggested period of incarceration is appropriate under all of the circumstances in the case. *Jimenez-Beltre*, 440 F.3d at 525 (Lipez, J., dissenting) (emphasis added).

category IV for sentencing purposes.

The assessment, however, does not take into consideration that Mr. Taylor has already been sentenced for his supervised release violation.[4] The guidelines do not consider that Mr. Taylor was weeks from completing his three year term of supervised release. The combination of his violation sentence and the enhancement of this sentence for his status as a probationer unfairly double counts towards his ultimate punishment. Overall, his record of convictions does not equate to a person with a moderately high chance to re-offend and spurn rehabilitation. In fact, Mr. Taylor has a strong employment history, was fairly successful while on supervised release, and was employed and compliant while on pretrial community confinement. These facts strongly indicate that he will not re-offend. The advisory guidelines, here, overstate the seriousness of Mr. Taylor's criminal record and warrant a sentence below the advisory range.

D. Nature of the Offence

Possession of a firearm is a serious offense, but the facts surrounding this offense present an atypical situation which is far less serious than like cases. The Court is obligated to assess the seriousness of this incident separate and apart from the advisory guidelines assessment. *See* 18 U.S.C. § 3553(a)(2) (2005). Most particular here is the fact that this weapon was not loaded and Mr, Taylor had no means to load the weapon. These facts show a situation clearly outside of the heartland seriousness of firearm possession cases and therefore warrants a significantly shorter sentence than suggested by the advisory guidelines. The guidelines do not account for the presence or absence of ammunition when assessing firearms cases unless the weapon is actually fired. *See* U.S.S.G. § 2K2.1 (2005). The guideline presumes that all firearms are loaded, otherwise an enhancement would have been included for a loaded weapon. As for the heartland, a brief survey shows that the Federal Defender Office here in the District of Rhode Island has handled at least 31 felon in possession of a firearm cases under similar circumstances since its inception in March,

---

[4]District Court Judge Wolfe sentenced Mr. Taylor to 9 months incarceration for his violation after a hearing in Boston in September, 2005. *See* PSR ¶ 32. Mr. Taylor completed that sentence in January, 2006.

2003.[5] Mr. Taylor's case is the only one that involved an unloaded weapon. Mr. Taylor's circumstances therefore reside outside of the heartland and therefore warrant a sentence below the guideline range.

V. The Minimally-Sufficient Sentence

The parsimony provision of 18 U.S.C. § 3553(a) imposes a statutory cap on sentences, regardless of what is recommended under the sentencing guidelines. The sentence cannot be greater than necessary to achieve the purposes of punishment. 18 U.S.C. § 3553(a)(1). Mr. Taylor requests the Court to consider a split sentence below the advisory guideline range. The proposed sentence strives to achieve the goals of deterrence, incapacitation, and rehabilitation. Any significant prison term addresses the goals of specific and general deterrence and incapacitation, and this proposal contains significant incarceration beyond what he has already served for his violation.

Despite the violation, however, Mr. Taylor does present as a good candidate for rehabilitation. He has a strong employment history and did well during his release on home confinement from March through June, 2006. He maintained continuous employment during that time, appeared for all of his court dates, complied with all other requirements of his release, and was attempting to engage in a GED program. His exemplary behavior while on pretrial release is a fair indication that he will ultimately be successful when released from this sentence and not re-offend.

In determining the minimally-sufficient sentence, the Court must basically ask whether a more severe sentence would achieve greater justice, deterrence, incapacitation, or rehabilitation. The sentencing guidelines combine only two elements when calculating the advisory range: the offense and the defendant's criminal record. That suggested sentence does not include any consideration of Mr. Taylor individually as required by § 3553(a)(1) (individual's unique background and characteristics), nor the unique facts of this case. The Court must not apply the advisory guideline sentence in any kind of general or presumptive manner. The facts and circumstances present here,

[5] This includes cases charged under 18 U.S.C. § 922(g) where the weapon was located on the person of the defendant, near the defendant, or discarded by the defendant. This count does not include cases involving 18 U.S.C. § 924(c) charges or weapons found stored in the defendant's home or elsewhere.

taken as a whole, warrant a sentence significantly below the advisory range.

V. Conclusion

For all of these reasons, Mr. Taylor asks the Court to consider and adopt his proposed sentence.

Respectfully submitted
Robert Taylor
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Lee Vilker, Assistant United States Attorney and hand-delivered to Maureen Bradley, United States Probation Officer on November 2, 2006.

/s/ Kevin J. Fitzgerald