UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-0013T |
| | ) | |
| ROBERT TAYLOR | ) | |

---

MOTION FOR DOWNWARD DEPARTURE

Now comes Robert Taylor, the Defendant in the above captioned matter, by and through his counsel, and moves this Honorable Court to depart downward from the advisory guideline range suggested in his presentence report pursuant to U.S.S.G. §§ 4A1.3(b)(1) and 2K2.1 (2005). Mr. Taylor asserts that the suggested guideline range relies on his overstated criminal history and fails to consider the unique factors of his offense. In support of this motion Mr. Taylor submits the attached memorandum.

Respectfully Submitted
Robert Taylor,
By and through her counsel

/s/ Kevin J. Fitzgerald
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Lee Vilker, Assistant United States Attorney, and hand-delivered to Maureen Bradley, United States Probation Officer, on November 2, 2006.

/s/ Kevin J. Fitzgerald

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR06-0013T |
| | ) | |
| ROBERT TAYLOR | ) | |

MEMORANDUM IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE

Mr. Taylor moves for a downward departure from the recommended advisory guideline range developed by the probation department, pursuant to the United States Sentencing Guidelines, in his presentence report ("PSR"). The sentencing guidelines, as applied to Mr. Taylor's unique circumstances, fail to appropriately consider all of the surrounding information and factors in this case and therefore result in an advisory guideline range higher than necessary. Specifically, the guidelines overstate Mr. Taylor's criminal history by assessing him as a category VI. Also, the firearms guideline, § 2K2.1, fails to consider that the seized weapon was not loaded. The Court may depart from the guidelines when the circumstances show the case to be atypical and outside the heartland of similar offenses. *United States v. Bogdan*, 284 F.3d 324, 327 (1st Cir. 2002); *United States v. Carrion-Cruz*, 92 F.3d 5, 6 (1st Cir. 1996). *See also* U.S.S.G. §1A1.1, Commentary (2005). Each of these reasons demonstrates that the character and circumstances of Mr. Taylor and his behavior in this instance dwells well outside of the heartland for this type of offense and therefore warrants a downward departure.

I. Criminal History

The Court should depart downward, per U.S.S.G. § 4A1.3(b)(1), because the guidelines calculation overstates the seriousness of Mr. Taylor's criminal record. Chapter Four of the sentencing guidelines attempts to assess the seriousness of an individual's criminal history in order to aptly consider it in sentencing. U.S.S.G. §4, Introductory Commentary (2005). The chapter proclaims that the criminal record directly relates to the purposes of punishment in 18 U.S.C. §

3553(a)(2).[1] The guideline, however, falls short of an accurate analysis when applied to individual cases. The guideline assesses points for convictions only based the length of sentence, with no regard to the nature of the offense and surrounding facts. Further, it makes generalizations about prospective rehabilitation and recidivism in relation to prior convictions which have little worth when sentencing an individual.

Mr. Taylor falls into criminal history category IV per the guidelines, but his actual record of convictions are atypical for this moderately high rating. Mr. Taylor has only one felony conviction on his record. Mr. Taylor pled guilty to his involvement in a fake heroin trafficking scheme which occurred in 2000, and served 18 months in prison. He also has two misdemeanor driving convictions. Those crimes amount to 5 five points towards this categorical analysis, and then the guidelines add 2 additional points for his status as a probationer during this offense. The guidelines do not consider that Mr. Taylor was weeks from completing his three year term of supervised release. The guidelines also fail to consider that Mr. Taylor has already been punished for his supervised release violation.[2] The addition of 2 points for his status raises his criminal history category and his advisory guideline range, and unfairly double counts towards his ultimate punishment. Overall, these convictions do not equate to a person with a moderately high chance to re-offend and spurn rehabilitation. In fact, Mr. Taylor has a strong employment history, was fairly successful while on supervised release, and was employed and compliant while on pretrial community confinement. These facts indicate strongly that he will not re-offend. The advisory guidelines, here, overstate the

---

[1]The statute provides, in pertinent part, that
"the court consider the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

18 U.S.C. § 3553(a)(2) (2005).

[2]District Court Judge Wolfe sentenced Mr. Taylor to 9 months incarceration for his violation after a hearing in Boston in September, 2005. *See* PSR ¶ 32. Mr. Taylor completed that sentence in January, 2006.

seriousness of Mr. Taylor's criminal record and warrant a downward departure.

II. An Unloaded Firearm

The Court should grant a downward departure because the seized firearm was not loaded and Mr. Taylor had no means to load the weapon (no magazine or ammunition). The guidelines do not account for the presence or absence of ammunition when assessing firearms cases unless the weapon is actually fired. *See* U.S.S.G. § 2K2.1 (2005). The guideline presumes all weapons are loaded, and with good reason because they typically are in possession cases.

The unique facts here show a situation clearly outside of the heartland seriousness of firearm possession cases. A brief survey shows that the Federal Defender Office here in the District of Rhode Island has handled more than 31 felon in possession of a firearm cases under similar circumstances since its inception in March, 2003.[3] Mr. Taylor's case is the only one that involved an unloaded weapon. Mr. Taylor's circumstances therefore reside outside of the heartland and therefore warrant a sentence significantly below the guideline range.

III. Conclusion

Both of the proffered reasons present facts and circumstances of Mr. Taylor's case which places his offense distinctly outside the heartland of like cases. For these reasons the Court should grant these requests for a downward departure.

Respectfully Submitted
Robert Taylor,
By and through his counsel

Kevin J. Fitzgerald
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281 FAX 528-4285
kevin_fitzgerald@fd.org

---

[3]This number includes cases charged under 18 U.S.C. § 922(g) where the weapon was located on the person of the defendant, near the defendant, or discarded by the defendant. This count does not include cases involving 18 U.S.C. § 924(c) charges or weapons found stored in the defendant's home or elsewhere.

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Lee Vilker, Assistant United States Attorney, and Maureen Bradley, United States Probation Officer, on November 2, 2006.

/s/ Kevin J. Fitzgerald