UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 06-013T |
| | ) | |
| ROBERT TAYLOR | ) | |

---

RESPONSE TO GOVERNMENT'S MOTION FOR A TWO LEVEL ENHANCEMENT FOR OBSTRUCTION OF JUSTICE

Now comes Robert Taylor, the Defendant in the above captioned matter, by and through his counsel, and makes the following response to the government's motion to enhance his sentence based on his testimony in his own defense at his two trials. In order to apply this enhancement, the government needed to show that Mr. Taylor willfully presented false testimony on material facts. *United States v. Villarman-Oviedo*, 325 F.3d 1, 16 (1st Cir 2003); *United States v. Rowe*, 202 F.3d 37, 43 (1st Cir. 2000). The Court must make that determination based on the facts presented. Even if viewed in a light most favorable to the government, the facts here show only contradiction and a guilty finding by the jury. The government has failed to make the necessary showing for this enhancement.

I. Contradictory Testimony

The government argues that the Court should enhance Mr. Taylor's sentence because while testifying in his own defense he contradicted the testimony of the police officers. Further, the government argues that this contradiction amounted to the willful misrepresentation of material facts. It is true that Mr. Taylor's testimony differed distinctly to the police testimony that he possessed this weapon. Contradiction and perjury, however, are two different things and the government fails to mention several important facts that cut the significance of this conflict.

Contradiction cannot be the sole foundation for perjury. Two different witnesses in a trial

will invariably tell two different versions of the events because they have different perceptions of the incident. The government argues that the simple contradiction between Mr. Taylor and Officer Zincone amounts to perjury on Mr. Taylor's part because the jury found him guilty. This analysis is flawed. For example, Zincone was found not credible when a hearing officer did not believe him while testifying in his own defense. *See* attached report. This fact was kept from the jury but is clearly important for the Court to consider now. Like Mr. Taylor, Zincone's testimony in his disciplinary hearing contradicted his accusers. Zincone's infraction stemmed from a civilian complaint involving a traffic stop and search of an individual and a car much like this case. The hearing officer, a designated Providence police officer, found the civilian witnesses to be credible and Zincone not credible. Examining Zincone's testimony in that hearing in the same light as the government looks at Mr. Taylor's here can only result in a finding of perjury by Zincone.

Officer O'Brien contradicted himself when testifying about Mr. Taylor's alleged attempt to run. Zincone and O'Brien testified that Mr. Taylor tried to run before there was any mention of a gun being found, and then he spontaneously shouted from the ground "that ain't my gun." Mr. Taylor testified that the police took him to the ground, that he did not try to run, and then he heard Zincone say he found a gun in the car. His immediate response was "that ain't my gun." In Mr. Taylor's perception of the events as they unfolded it is not illogical for him to adopt the government's characterization on cross examination that the police grabbed him for no reason. O'Brien previously testified at Mr. Taylor's violation hearing before Judge Wolfe, in Federal District Court in Massachusetts, that he was not sure who mentioned the gun first: Zincone or Mr. Taylor. In the first trial O'Brien testified that Mr. Taylor mentioned the gun first. In the second trial Officer O'Brien attempted to clarify this discrepancy but was less than successful. While this contradiction is significant, it does not necessarily mean that O'Brien committed perjury. Likewise, Mr. Taylor's contradiction of the officers, without more, does not support a perjury finding.

Second, the first jury did not find Mr. Taylor guilty. The Court should infer from that hung jury that some members of that panel believed Mr. Taylor's testimony over the police testimony. If the Court looks strictly at the juries' belief for the obstruction ruling, then the answer cannot be positive for perjury. Some jurors believed Mr. Taylor and disbelieved the police officers, and some jurors believed the police officer while disbelieving Mr. Taylor. The Court cannot decide this issue

based on the jury's assumed disbelief and guilty finding in the second trial.

Third, the government lacks any corroborative physical evidence to dispute Mr. Taylor's testimony. Officers Zincone and O'Brien testified at length during the suppression hearing and both trials about Mr. Taylor manipulating and concealing this firearm on the side of the car seat but the government failed to bring forward fingerprint evidence. Seizure of a firearm under these circumstances, within seconds of actual possession according to the police, would likely produce fingerprints. The government failed to process the weapon for prints. Although fingerprints were not the only possible definitive physical evidence, the government lacks any piece of hard evidence which would clearly show Mr. Taylor's perjury.

Ultimately, the government wants the Court to impose this enhancement on mere disbelief and contradiction. The Court heard both trials and is in the best position to make its own determination after full consideration of all the facts. The reasons above show that this issue is not clear enough for the Court to conclude that Mr. Taylor willfully misrepresented materials facts while testifying in his own defense.

## II. Other Testimony

The government also argues that Mr. Taylor's testimony on other tangential issues supports a perjury enhancement. The government relegated these arguments to a secondary status for good reason; conflicting testimony on <u>immaterial</u> facts cannot amount to a foundation for the obstruction of justice enhancement. *See Villarman-Oviedo*, 325 F.3d at 16; *Rowe*, 202 F.3d at 43.

The government first faults Mr. Taylor's answers to its questions on cross examination about Diana Bonet, the owner of the car and his girlfriend. Mr. Taylor's testimony, taken out of context, appears to show that he contradicted himself on whether he knew if Ms. Bonet put the gun in her car or if she owns the gun. The government avers that this is false testimony concerning a critical fact. Critical or not, this testimony did not concern any material fact about the elements of the crime charged. Ownership of the weapon is not an element and was not at all an issue in this case. The government charged Mr. Taylor with possession of the gun and the jury convicted him of that offense.

Likewise, the government's attempt to support the enhancement based on whether the radio

was turned on or not is immaterial. This fact, whether impossible or not, has nothing at all to do with the charged behavior. A complete reading of the transcript shows the discrepancy to be far more a product of an experienced trial attorney cross examining an amateur witness than a willful and calculated attempt to mislead the jury. Regardless, an immaterial misrepresentation cannot support this enhancement.

## III. Conclusion

Despite dueling characterization of the trial testimony, the Court must decide if it believes that Mr. Taylor willfully provided false testimony on a material fact in order to obstruct justice. *Villarman-Oviedo*, 325 F.3d at 16; *Rowe*, 202 F.3d at 43. The evidence and testimony presented at trial at least cloud the issue of willful misrepresentation of material facts. The hung jury clearly shows that some jurors believed Mr. Taylor over the police. The second jury's guilty finding without solid corroborating evidence of perjury cannot support this Court's finding of perjury. When considering all of the information available, the government has failed to show that Mr. Taylor willfully misrepresented material facts and obstructed justice. The Court must not apply this enhancement.

Respectfully submitted
Robert Taylor
By his attorney,

/s/ Kevin J. Fitzgerald, 5775
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281
FAX 528-4285
kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to Lee Vilker, Assistant United States Attorney and by hand-delivery to Maureen Bradley, United States Probation Officer on November 2, 2006.

/s/ Kevin J. Fitzgerald